| | |
|---|---|
| LAMAR MCQUEEN, *aka* NINA SHANAY MCQUEEN,<br><br>Plaintiff,<br><br>v.<br><br>EDMUND BROWN, et al.,<br><br>Defendants. | No. 2:15-cv-2544 JAM AC P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

I. Introduction

Plaintiff is a transgender female state prisoner incarcerated at Mule Creek State Prison (MCSP), under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983. For the reasons that follow, plaintiff's request to proceed in forma pauperis is granted; the court finds that the First Amended Complaint states cognizable claims against defendants Carrick and the CDCR Secretary, and directs plaintiff to complete the forms necessary for the United States Marshal to serve process on these defendants. The court recommends that defendants Brown and Lewis be dismissed from this action.

II. In Forma Pauperis Application

Plaintiff has submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff's amended request to proceed in

forma pauperis, ECF No. 8, will be granted.[1]

Proceeding in forma pauperis, plaintiff must pay the statutory filing fee of $350.00 for this action with periodic deductions from her prison trust account. See 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

### III. Legal Standards for Screening Prisoner Civil Rights Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to

---

[1] Plaintiff's initial request to proceed in forma pauperis, ECF No. 2, was incomplete, and will be denied as moot.

state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

IV. Screening of Plaintiff's First Amended Complaint

Plaintiff filed a First Amended Complaint (FAC) prior to the court's screening of her original complaint. See ECF No. 10. Accordingly, the FAC is the operative complaint and will now be screened by the court pursuant to 28 U.S.C. § 1915A. The court also finds that the additional exhibits previously submitted by plaintiff (ECF No. 9)[2] are relevant to plaintiff's claims and directs the Clerk of Court to attach those exhibits (ten pages) to the FAC.

    A. Plaintiff's Allegations

The FAC avers that plaintiff "has been diagnosed with the serious medical condition of gender dysphoria which, despite more than (8) eight years of feminizing hormone therapy, continues to cause plaintiff serious mental distress, and requires treatment in the form of SRS [sex reassignment surgery] as recommended by CDCR psychologist and supported by Plaintiff's medical records and prevailing medical standards of care." ECF No. 10 at 3.

Plaintiff has twice been denied requested SRS, first on January 26, 2016, see ECF No. 10 at 8, ECF No. 9 at 2, and most recently on January 2, 2018, see ECF No. 10 at 7. These final

---

[2] In pertinent part these exhibits (totaling 10 pages) set forth the "Guidelines for Review of Requests for Sex Reassignment Surgery (SRS)" promulgated by the California Correctional Health Care Services/Department of Health Care Services. See ECF No. 9.

3

administrative decisions were rendered by the Headquarters Utilization Management Committee (HUMC), following findings by the Sex Reassignment Surgery Review Committee (SRSRC) that plaintiff's ongoing treatments for gender dysphoria "provide significant relief that is adequate and sufficient for her condition." ECF No. 10 at 7, 8; see also ECF No. 9 at 3-10. Preceding the first pair of decisions by the SRSRC and HUMC, plaintiff exhausted her inmate appeal remedies. ECF No. 10 at 9-19.

The FAC asserts two claims under 42 U.S.C. § 1983, both arising from the denial of plaintiff's requests for medically necessary SRS: (1) deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment's proscription against cruel and unusual punishment (Claim One); and (2) violation of plaintiff's rights under the Fourteenth Amendment's Equal Protection Clause, based on alleged discrimination due to plaintiff's transgender status (Claim Two). See ECF No. 10 at 4. In Claim Two, plaintiff contends that her request for SRS was treated differently that "a non-transgender inmate's request for medically-necessary surgery"

The FAC names the following defendants: (1) California Governor Edmund G. Brown; (2) (former) CDCR Secretary Jeffrey Beard; (3) J. Lewis, CDCR "Deputy Director, Policy and Risk, California Health Care;" and (d) Jeffrey Carrick, M.D., CDCR "Deputy Medical Executive." See ECF No. 10 at 2. The FAC does not clearly state whether defendants are sued in their personal or official capacities, although the recitation of facts in support of Claim One states that all defendants acted in their official capacities when denying SRS. Id. at 3. Official capacity claims are also indicated by the fact that plaintiff is not seeking damages in this action but only declaratory and injunctive relief. Specifically, plaintiff seeks the following relief:

> [J]udgment against Defendants Brown, Beard, Lewis and Carrick. Enter Injunctive relief enjoining Defendants from interfering with the discretion of the mental health and other medical professionals involved in Plaintiff's care; Enter injunctive relief enjoining Defendants to provide Plaintiff with adequate medical care, including access to appropriate specialists and SRS.

Id. at 6.

////

4

B. Screening of FAC Pursuant to 28 U.S.C. § 1915A

As a threshold matter, the court substitutes current CDCR Secretary Scott Kernan for former CDCR Secretary Jeffrey Beard. See Fed. R. Civ. P. 25(d) (automatic substitution of successor to public official sued in his or her official capacity); see also Hoptowit v. Spellman, 753 F.2d 779, 781-2 (9th Cir. 1985). For the reasons that follow, the court finds that the FAC states cognizable claims against defendants Carrick and Kernan under 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments, but does not state cognizable claims against defendants Brown or Lewis.

1. Claims

The Ninth Circuit Court of Appeals has held that a prisoner with severe gender dysphoria who alleges that prison officials refused medically necessary SRS states a cognizable Eighth Amendment claim. See Rosati v. Igbinosos, 791 F.3d 1037 (9th Cir. June 26, 2015) (transgender inmate's complaint alleging she suffered from severe gender dysphoria for which male-to-female SRS was medically necessary, which was refused by prison officials, stated a cause of action under the Eighth Amendment); see also Norsworthy v. Beard, 87 F. Supp. 3d 1164 (N. D. Cal. Apr. 2, 2015) (granting transgender female inmate a preliminary injunction under the Eighth Amendment to obtain medically-necessary SRS); stayed pending appeal, 802 F.3d 1090 (9th Cir. Oct. 5, 2015) (appeal subsequently dismissed as moot upon plaintiff's release from prison). These authorities support a finding that the FAC states a cognizable Eighth Amendment claim for deliberate indifference to plaintiff's serious medical needs.[3]

Additionally, district courts within the Ninth Circuit have recognized that discrimination based on transgender status is actionable under the Equal Protection Clause. See Denegal v.

---

[3] "In the Ninth Circuit, the test for deliberate indifference [to serious medical needs] consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong ... is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted); accord, Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lemire v. CDCR, 726 F.3d 1062, 1081 (9th Cir. 2013).

Farrell, 2017 WL 2363699, 2017 U.S. Dist. LEXIS 83373 (E.D. Cal May 31, 2017), report and recommendation adopted Sept. 25, 2017) (prima facie showing of discrimination based on CDCR regulation authorizing vaginoplasty for cisgender, but not transgender, women created a quasi-suspect classification subject to intermediate scrutiny); accord, Norsworthy, 87 F. Supp. 3d 1104, 1120-21 (N.D. Cal. Mar. 31, 2015) (CDCR classification making it "more difficult" for a transgender female inmate to receive vaginoplasty than it is for a cisgender female inmate is discriminatory and subject to intermediate scrutiny under the Equal Protection Clause); see also, Karnoski v. Trump, 2018 WL 1784464, at *1, *14 (W.D. Wash. Apr. 13, 2018) ("[A]ny attempt to exclude them [transgender people] from military service will be looked at with the highest level of care, and will be subject to the Court's 'strict scrutiny.' . . . [T]ransgender people constitute a suspect class necessitating a strict scrutiny standard of review."). cf., Duronslet v. County of Los Angeles, 266 F.Supp.3d 1213, 1221-23 (C.D. Cal. 2017) (heightened level of scrutiny required to assess equal protection challenge to county policy requiring transgender minors to use restrooms aligned with their birth-assigned gender, though finding it premature to determine at the pleading stage the appropriate level of scrutiny); F.V. v. Barron, 286 F. Supp. 3d 1131 (D. Idaho Mar. 5, 2018) (permanently enjoining the state of Idaho from enforcing a policy that categorically denied the applications of transgender individuals to change the sex identified on their birth certificates to reflect their gender identities, finding that such policy violated, inter alia, the Fourteenth Amendment Equal Protection Clause under an intermediate scrutiny analysis). These authorities amply support a finding that the FAC states a cognizable claim under the Fourteenth Amendment's Equal Protection Clause.

2. <u>Defendants</u>

The FAC makes no specific charging allegations against any named defendant. Instead, the FAC alleges in general terms that "defendants" violated plaintiff's constitutional rights. Nevertheless, FAC states cognizable claims against defendants Carrick and Kernan.

The challenged conduct of defendant Carrick is readily identified from review of plaintiff's exhibits: Dr. Jeffrey Carrick, M.D., acting as "Deputy Medical Executive (A) Utilization Management," issued the HUMC decisions plaintiff challenges in this action. See

ECF No. 10 at 7, 8.  Given Dr. Carrick's apparently central and decisive role in issuing the challenged decisions, the court provisionally construes the complaint as stating claims against him in both his personal and official capacities.  A personal capacity suit against defendant Carrick is supported by the conformity of plaintiff's allegations with the requirements for stating a Section 1983 claim:  "the violation of a right secured by the Constitution and laws of the United States . . . committed by a person acting under color of state law."  See West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted).  "In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation[.]"  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Additionally, Dr. Carrick's integral role in issuing the challenged decisions indicates that, in his official capacity, he would have authority to implement plaintiff's requested relief and is therefore a proper defendant in this action in his official capacity.

CDCR Secretary Kernan also appears to be an appropriate defendant in his official capacity, because he would be able to respond to an order granting injunctive relief even though he had no personal involvement in the alleged constitutional violations.  A claim for prospective injunctive relief against a state official in his official capacity is not barred by the Eleventh Amendment provided the official has authority to implement the requested relief.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 92 (1989).  Moreover, "[a] plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation."  Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1127 (9th Cir. 2013) (citing Hafer v. Melo, 502 U.S. 21, 25 (1991), and Kentucky v. Graham, 473 U.S. 159, 166 (1985)).  Accord, Rouser v. White, 707 F. Supp. 2d 1055, 1066 (E.D. Cal. 2010) (proper defendant for injunctive relief in suit seeking implementation of CDCR policy is the CDCR Secretary in his official capacity); see also Norsworthy v. Beard, Case No. 3:14-cv-0695 JST (ECF No. 38, Order granting in part and denying part defendants' motion to dismiss, filed Nov. 18, 2014) (finding, *sub silentio*, that defendant Beard remained a proper defendant in plaintiff's suit for, inter alia, SRS, because he did not object to plaintiff's allegations that "Defendant Beard has ultimate authority over

Norsworthy's Health Care Appeal and for the implementation of CDCR policy with regard to medically necessary treatment." (Citing Norsworthy's FAC at ¶ 53.)).

In contrast, neither Governor Brown nor J. Lewis is a proper defendant in this action. Defendant Brown, in his capacity as Governor of California, is entitled to Eleventh Amendment immunity. See Association des Eleveurs de Canards et d'Oies du Quebec v. Harris, 729 F.3d 937, 943 (9th Cir. 2013), cert. denied, 135 S. Ct. 398 (2014) (Governor Brown entitled to Eleventh Amendment immunity for prospective injunctive relief claims because his "only connection" to the challenged state statute was "his general duty to enforce California law."). In this case, defendant Kernan and not Governor Brown would be the appropriate state official to respond to an order granting plaintiff's requested injunctive relief.

Finally, it appears that defendant J. Lewis is named because of her role in issuing the Director's Level Decision responsive to plaintiff's relevant inmate appeal. See ECF No. 10 at 9-10. Acting as the "Deputy Director, Policy and Risk Management Services, California Correctional Health Care Services," Lewis informed plaintiff that her "requests for psychiatric assessment for SRS, medical assessment for SRA, and to receive SRS" were "partially granted" because they would next be reviewed by the Institutional Utilization Management Committee (IUMC) within the next 60 days; if the IUMC found SRS appropriate, the case would then be sent to the Headquarters Utilization Management Committee (HQUMC or HUMC) for further review. Id. at 9. In other words, the final decision on plaintiff's inmate appeal was not the final decision concerning her SRS requests.[4] This factor, together with case law precluding Section 1983 actions against officials for failing to favorably resolve inmate appeals,[5] demonstrate that plaintiff

---

[4] As found by another judge of this court, plaintiff's previous attempt to commence a Section 1983 action based on the exhaustion of this appeal decision was premature: "The Director's Level Decision indicates that plaintiff's request for SRS has not been denied. Rather, plaintiff's request for SRS is still under review." See McQueen v. Brown, Case No. 2:15-cv-1450 JAM KJN P (E.D. Cal.) (ECF No. 8 at 3).

[5] "[P]rison officials are not required to process inmate grievances in a specific way or to respond to them in a favorable manner. Because there is no right to any particular grievance process, plaintiff cannot state a cognizable civil rights claim for a violation of his due process rights based on allegations that prison officials ignored or failed to properly process his inmate grievances." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). See also Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (failure to process prisoner's grievances not actionable under Section

1 | is unable to state a cognizable Eighth and Fourteenth Amendment claims against defendant Lewis.

### 3. Summary

For the foregoing reasons, this court finds that plaintiff's First Amended Complaint (FAC) states cognizable claims for declaratory and injunctive relief against defendants CDCR Scott Kernan and Dr. Jeffrey Carrick, for deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment, and for discrimination based on plaintiff's transgender status under the Fourteenth Amendment's Equal Protection Clause.

The undersigned further finds that the FAC does not state cognizable claims against defendants Governor Brown or J. Lewis, and therefore recommends their dismissal from this action.

## V. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, ECF No. 8, is GRANTED; plaintiff's initial request, ECF No. 2, was incomplete, and is DENIED as moot.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Service of process is appropriate for defendants Scott Kernan, CDCR Secretary, and Dr. Jeffrey Carrick, M.D., on plaintiff's Eighth and Fourteenth Amendment claims as set forth in her First Amended Complaint.

4. The Clerk of the Court is directed to:

    a. Modify plaintiff's name on the case docket to reflect that set forth in plaintiff's First Amended Complaint and the title of this order.

---

1983); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (prisoners have no stand-alone due process rights related to the administrative grievance process).

b. Substitute current CDCR Secretary Scott Kernan for former CDCR Secretary Jeffrey Beard as a defendant herein.

		c. Attach plaintiff's exhibits (ECF No. 9) to the First Amended Complaint (ECF No. 10), and file the combined document as plaintiff's "Operative First Amended Complaint & Exhibits."

		d. Send plaintiff one summons, two USM-285 forms, an instruction sheet and one copy of the "Operative First Amended Complaint & Exhibits."

	5. Within thirty (30) days after service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

		a. The completed Notice of Submission of Documents;

		b. One completed summons;

		c. Two completed USM-285 forms for defendants Kernan and Carrick; and

		d. Three copies of the "Operative First Amended Complaint & Exhibits."

	6. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

	Additionally, IT IS HEREBY RECOMMENDED that defendants Governor Brown and J. Lewis be dismissed from this action.

	These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

////
////
////
////

specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 18, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR MCQUEEN, *aka* <br> NINA SHANAY MCQUEEN, <br><br> Plaintiff, <br><br> v. <br><br> EDMUND BROWN, et al., <br><br> Defendants. | No. 2:15-cv-2544 JAM AC P <br><br><br> <u>NOTICE OF SUBMISSION</u> <br><br> <u>OF DOCUMENTS</u> |

Plaintiff submits the following documents in compliance with the court's order

filed_____:

\_\_\_\_    one completed summon

\_\_\_\_    two completed USM-285 forms

\_\_\_\_    three copies of the operative "First Amended Complaint & Exhibits"

_____    _____
Date                                                                              Plaintiff

1